**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____

| | |
|---|---|
| FRITZ ELIENBERG, individually, and on behalf ) | |
| of all others similarly situated, ) | |
| Plaintiffs ) | Civil Action No.: |
| ) | |
| v. ) | |
| ) | |
| COMCAST CORPORATION/COMCAST OF ) | |
| MASSACHUSETTS, INC. and TRIWIRE ) | |
| ENGINEERING SOLUTIONS, INC., ) | |
| Defendants. ) | |

_____)

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**I.      INTRODUCTION**

1.      This is a class action brought on behalf of individuals who perform
telecommunications installations and repairs for residence and business customers who
select Comcast to be their telephone, cable TV, and/or internet provider.  In many
instances, Comcast provides these installation and repair services – which are a core
part of its usual business– by utilizing individuals who are misclassified as "independent
contractors" to provide this work.  Although classified as independent contractors, the
individuals are really employees and should be treated as such for wage, overtime,
health insurance, and all other purposes.  Comcast carries out this misclassification
scheme by contracting with another company, TriWire Engineering Solutions, Inc. to
provide it with such independent contractors to perform such installation and repair
work.  Together, the Defendants are the joint employers of these misclassified

1

independent contractors.  As a result of such misclassification, the plaintiffs have been deprived of overtime wages, reimbursement for work-related expenses, failure to pay wages, and all the other benefits of employment provided to employees of these companies.

2.      The plaintiff brings these claims on behalf of a class of similarly situated individuals who have performed telecommunication installation services on behalf of Comcast through arrangements with TriWire Engineering Solutions, Inc. and who have been misclassified as independent contractors.  The plaintiffs bring this claim on behalf of such individuals whose rights under the Federal Fair Labor Standards Act 29 U.S.C. § 201, *et seq* have been violated in that they work more than 40 hours a week, but were not paid overtime, and the plaintiffs also bring claims on behalf of a Massachusetts subclass of such individuals who have been improperly classified as independent contractors and who have thereby been deprived of overtime, wages and benefits, and have had improper expenses deducted from their paychecks in violation of M.G.L. 149 § 148B and M.G.L. c. 151 §1A as well as M.G.L. c. 149 § 148.  The plaintiff, Fritz Elienberg, also brings this claim on behalf of himself and a class of persons similarly situated who, as a result of their assertion of rights under the laws described above, have been terminated from their work with Comcast and TriWire Engineering Solutions, Inc.

II.    **PARTIES**

3.    The plaintiff, Fritz Elienberg, is an adult resident of Roxbury, Massachusetts, who provided telecommunication installation and repair services for the defendants until his termination in August, 2009.

4.    The defendants Comcast Corporation and Comcast of Massachusetts are on information and belief related corporations with a principal place of business in Philadelphia, Pennsylvania.  Comcast provides high-speed internet, cable television, and telephone service to customers throughout the Eastern United States, including within the Commonwealth of Massachusetts and other New England states.

5.    The defendant TriWire Engineering Solutions, Inc. is a telecommunications company with a principal place of business in Tewksbury, Massachusetts. It provides employees and so-called independent contractors to Comcast for the purpose of performing installation and repair services for Comcast telephone, cable television, and high-speed internet customers, in Massachusetts and other New England states.

6.    The named plaintiff brings this action on his own behalf and on behalf of other similarly situated, including all individuals within New England and Massachusetts who have provided telecommunication installation services for Comcast through an alleged "independent contractor" relationship with TriWire Engineering Solutions, Inc. With respect to Plaintiffs' Federal Fair Labor Standards Act claims, the class would consist of individuals who may choose to opt-in to this action pursuant to 29 U.S.C. § 216(b), and who have worked more than 40 hours per week and received no overtime compensation.

7.      The named plaintiff also brings this action as an opt-out class action under

state law on behalf of a Massachusetts subclass of similarly situated individuals who

have performed telecommunication installation services for the defendants and who

were classified as independent contractors, and who reported to a Massachusetts

terminal, or performed work in Massachusetts.  This subclass satisfies all the

requirements of Federal Rule of Civil Procedure Rule 23.


### III.    STATEMENT OF FACTS

8.      As stated above, Defendant Comcast is in the usual course of business of

installing, repairing, and otherwise providing cable television, high-speed internet, and

telephone services to residential and business customers throughout New England.

Comcast maintains an employee workforce that provides such installation and repair

services for such customers.   However, in order to circumvent its obligations as an

employer, Comcast also contracts with a number of companies, including Defendant

TriWire Engineering Solutions, Inc., to provide identical installation and repair services

to its customers.  TriWire also employs numerous individuals as employees to perform

such installation and repair work.   However, in addition, TriWire has, over the past

several years, with the direct knowledge and consent of Comcast, employed hundreds

of individuals who are classified as "independent contractors" to provide the same

installation repair services as those performed by Comcast and TriWire employees.

9.      While these "independent contractors" are paid as independent contractors

through a third-party intermediary, they are directed on how to perform their services by

Defendants TriWire and Comcast.  The nature of the services the plaintiffs perform and

the manner in which they perform these services make it clear that they are actually joint employees of Comcast and TriWire.  The defendants control the manner in which these "independent contractors" perform their services, and such services are part of the basic core work and service provided by the defendants.  Thus, these independent contractors perform services (installation and repair of telecommunication services) which is within the usual course of business of the defendants (the sale, installation, and repair of telecommunication services).   Indeed, Comcast and TriWire Engineering Solutions, Inc. hire and direct their own staff of employees to perform the exact same services as these "independent contractors".

10.     The plaintiffs are entirely dependent upon the defendants for their business as they may only install telecommunication services for customers of Comcast.  Each morning, the independent contractors report to a terminal, which on information and belief is owned and operated by TriWire.  Once they arrive at this terminal, Comcast and TriWire employees provide the plaintiffs with their work orders and such work orders are, on information and belief, printed with the Comcast logo.  In addition, throughout the day, the plaintiffs are in contact with the dispatchers of TriWire and Comcast, in order to communicate about the progress of jobs.

11.     The work orders these "independent contractors" receive instruct them as to what work they are to do each day, including what times they are to perform the work, specific locations of the business and residences they will be working on that day, and the specific services they should provide at each location.

12.     On information and belief, these work orders are generated by Defendant Comcast and provided to TriWire Engineering Solutions, Inc. Relying on these work

orders, the independent contractors/plaintiffs go to residences and business who have contracted with Comcast for telecommunications services and provide various services, such as: 1) installing cable television, 2) installing broadband internet service, 3) installing telephone service, 4) removing cable, internet, and telephone service from residences where customers have failed to pay Comcast for these services, and 5) picking up equipment from Comcast customers who have canceled their service or failed to pay for their service.  In addition, the independent contractors will be assigned to perform repair work for Comcast customers when directed to so by TriWire Engineering Solutions, Inc.

13.     In addition, when a customer complains to Comcast about an installation or repair was not properly done, Comcast directs the individual who performed the installation and repair to return to the location at a time designated by Comcast to fix such deficiency.

14.     On information and belief, the Comcast customers at whose homes and businesses these "independent contractors" perform services pay Comcast directly for all of these services.  The "independent contractors" cannot negotiate with customers regarding the service provided, the time the services are provided, or payment for these services.

15.     The independent contractors only install equipment provided by Comcast, and the independent contractors are required to wear uniforms on which the Comcast logo is printed, and use vehicles on which the Comcast logo is painted.

16.    On information and belief, Comcast and TriWire can and do order the termination of independent contractors when they are not pleased with the manner in which the services are performed.

17.    The plaintiffs, including the named plaintiff, often work more than 40 hours a week while providing services for Defendants.  However, the independent contractors are never provided with time-and-a-half their regular rate of pay for hours worked more than 40 in a week.  In addition, they are not paid at all for time spent going back to customers' homes perform repairs of work they previously performed.

18.    The independent contractors, though they are really employees and have been misclassified, are not provided with a host of benefits, including paid vacation and sick time, health insurance, workman's compensation or unemployment benefits, or other protections which are provided to Comcast and TriWire employees who perform similar work.

19.    The plaintiffs are responsible for various expenses which are, in actuality, expenses which should be borne by the defendants as the cost of doing business (i.e. expenses incurred purchasing, maintaining, and refueling vehicles which are used to provide services for the defendants and purchasing the tools used to perform cable/internet/telephone installation).

20.    The vehicles used by the plaintiffs in performing services for the defendants all weigh less than 10,000 pounds.

21.    On information and belief, Defendant Comcast follows the practice described above of contracting out telecommunication installation services to companies and individuals throughout the country which utilize so-called independent contractors who

are really employees, throughout the service area in the states where Comcast does business.

22.    The named plaintiff, Fritz Elienberg, worked as a so-called independent contractor under the direction of the defendants TriWire and Comcast out of TriWire's Woburn terminal where numerous other independent contractors also reported, from March, 2009 until early August, 2009.

23.    On a number of occasions, Plaintiff made it known to TriWire that he believed that he had been misclassified as an independent contractor and was really an employee.  Indeed, TriWire and Comcast were, on information and belief, aware that Mr. Elienberg was a named plaintiff (and his name appeared in a newspaper article) in a similar case in which he was a plaintiff and challenged his misclassified status.

24.    In the summer of 2009, officials at TriWire sought to have Mr. Elienberg terminated because of his assertion of his rights under the Fair Labor Standards Act and Massachusetts Law M.G.L. c. 149 § 148B and c.151 §1A.  On or about August 4, 2009, TriWire ordered termination of an entire group of so-called independent contractors based upon TriWire's belief that such individuals were asserting claims that they had been misclassified.

**COUNT I**

(**Violation of Fair Labor Standards Act, FLSA**)

25.    The defendants' knowing and willful failure to properly pay plaintiffs time-and-a-half for hours worked more than 40 in a week to individuals performing telecommunication installation services based upon their misclassification as "independent contractors" violated the Fair Labor Standards Act 29 U.S.C. § 2001 *et*

*seq.* The plaintiffs assert that they are employees of the defendants TriWire Engineering Solutions and Comcast (who are joint employers).

## Count II

### (Violation of Massachusetts Independent Contractor Law)

26. By misclassifying the named plaintiff and the class members he represents who performed services in Massachusetts as independent contractors, instead of employees, the defendants violated Massachusetts General Laws c. 149 §148B. This claim is brought pursuant to Massachusetts General Law c. 149 § 150.

## Count III

### (Violation of Massachusetts Wage Laws)

27. By the conduct set forth above in requiring the plaintiffs and class members who performed services in Massachusetts to bear costs incident to defendants' business operations, and to not pay the plaintiff and class members for work performed in correcting prior repairs and installations, the defendants have violated the Massachusetts Wage Laws c.149 §§148 & 150.

## Count IV

### (Massachusetts Overtime Law (c. 151 § 1A)

28. By denying the plaintiffs who were misclassified as independent contractors and performed services in Massachusetts overtime pay, the defendants have violated the Massachusetts Overtime Law M.G.L. c.151 §1 and 1A.

**Count V**

**(Retaliation)**

29.     By terminating Plaintiff Elienberg and others based upon the defendants

concern that they were complaining about their misclassification, including the failure to

pay overtime, the defendants have violated the anti-retaliation provisions of the Fair

Labor Standards Act, 29 U.S.C. § 201 *et seq.,* and the Massachusetts Wage Law G.L.

c.149 §150.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all their claims.

WHEREFORE, Plaintiffs request the following leave:

1) Grant permission to individuals who perform such installation services for

Defendants and are classified as independent contractors, and who have not been paid

overtime for hours greater than 40 per week, to opt-in to this action pursuant to Section

216(b) of the FLSA;

2) Certify a Massachusetts subclass pursuant to Federal Rule of Civil Procedure

Rule 23;

3)  Award damages to the named plaintiff and class members as they may be

entitled;

4)  Grant injunctive relief ordering Defendants to cease their violations of the law as

described herein and grant appropriate remedial and injunctive relief;

5)  Grant attorneys fees and costs and any other relief to which plaintiffs may be

entitled.

Respectfully submitted,

FRITZ ELIENBERG, and other similarly
situated individuals,
By their attorneys,


Dated:  October 1, 2009                 ___/s/  Harold L. Lichten_____
                                        Harold L. Lichten, BBO #549689
                                        Shannon Liss-Riordan, BBO #640716
                                        Ian O. Russell, BBO #679987
                                        Lichten & Liss-Riordan, P.C.
                                        100 Cambridge Street, 20th Floor
                                        Boston, MA 02114
                                        (617) 994-5800