UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11653-GAO

FRITZ ELIENBERG, individually, and on behalf of all others similarly situated,
Plaintiff,

v.

COMCAST CORPORATION/COMCAST OF MASSACHUSETTS, INC. and TRIWIRE
ENGINEERING SOLUTIONS, INC.,
Defendants.

PRELIMINARY APPROVAL ORDER
August 9, 2010

O'TOOLE, D.J.

WHEREAS, the Plaintiff has made a motion (the "Motion"), pursuant to Federal Rule of Civil Procedure 23, for an order preliminarily approving settlement of the above-captioned action (the "Action") in accordance with the Settlement Agreement (the "Agreement"), which, together with the Exhibits attached to the Motion, sets forth the terms and conditions for a proposed settlement of the Action and its dismissal with prejudice; and

WHEREAS, as a condition of the Agreement, Plaintiff, individually and on behalf of each of the Settlement Class Members, has agreed to release the claims as specified in the Agreement; and

WHEREAS, this Court having read and considered Plaintiff's Motion, the Exhibits attached thereto, and the Agreement, as well as all arguments and submissions from the Parties at the noticed hearing,

WHEREAS, all defined terms shall have the same meaning as set forth in the Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.   For purposes of this settlement only, this Court preliminarily certifies the following Settlement Class:

> All persons who performed work for defendant TriWire Engineering Solutions, Inc. as an independent contractor working on Comcast-related residential and/or commercial installations or repairs in the Commonwealth of Massachusetts between October 1, 2006 and the date of the preliminary approval of the settlement.

The Settlement Class preliminarily will be certified pursuant to Federal Rule of Civil Procedure 23(b)(3), and all Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedures set forth in Paragraph 12.

2.   This Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class Members that predominate over any individual questions; (c) Plaintiff's claims are typical of the claims of the Settlement Class; (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.   The Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 6.

4.   This Court preliminarily finds that Plaintiff fairly and adequately represents the interests of the Settlement Class and therefore designates Plaintiff as the representative of the Settlement Class.

5. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and written arguments, this Court designates as Class Counsel the law firm of Lichten & Liss-Riordan, P.C. This Court preliminarily finds that based on the work Class Counsel has done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in handling class actions, other complex litigation and claims of the type asserted in this action, Class Counsel's knowledge of the applicable law and the resources Class Counsel has and will commit to representing the class, Class Counsel has and will fairly and adequately represent the interests of the Settlement Class. This Court authorizes Plaintiff and Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the settlement. Plaintiff and Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

6. The Final Fairness Hearing shall take place before the Honorable George A. O'Toole Jr. on November 17, 2010 at 2:00 p.m. at the United States District Court, District of Massachusetts, John Joseph Moakley U.S. Courthouse, Courtroom 9, 1 Courthouse Way, Boston, Massachusetts, to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, adequate and reasonable as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; and the amount of fees and costs that should be awarded to Class Counsel, and the amount of the service awards that should be awarded to Plaintiff, as provided for in the Agreement. The Court will also hear and consider any properly lodged objections at that time.

7. The Court approves Lichten & Liss-Riordan, P.C. as the Claims Administrator.

8.     This Court finds that the notice provision set forth in the Agreement is the only notice required, and that such notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. This Court approves the form and content of the Notice and Proof of Claim Form and Release attached as Exhibits 1 and 2 to the Motion.

9.     The Court approves the claims procedures set forth in the Agreement.

10.    All Settlement Class Members who wish to receive payment pursuant to the Agreement must complete and return the Claim Form and Release to the Claims Administrator either (1) by first class U.S. Mail postmarked no later than forty-five (45) days from the mailing of the Notice or twenty (20) days following actual receipt, whichever is greater, or (2) if not by first class mail, by a means to ensure receipt by no later than forty-five (45) days from mailing of the Notice or twenty (20) days following actual receipt, whichever is greater.

11.    All Settlement Class Members who do not request exclusion ("opt-out") from the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23 in accordance with the procedure set forth in Paragraph 12 below, shall be bound by all determinations and judgments in this Action concerning the settlement, including, but not limited to, the validity, binding nature and effectiveness of the releases set forth in the Agreement.

12.    Any Settlement Class Member who wishes to opt-out of the Settlement Class certified pursuant to Federal Rule of Civil Procedure 23 shall submit to the Claims Administrator, not later than twenty-eight (28) days from the mailing of the Notice, an appropriate written request for exclusion by mail which states, "I wish to opt out of the plaintiff class in Fritz Elienberg, individually, and on behalf of all others similarly situated v. Comcast

Corporation/Comcast of Massachusetts, Inc. and TriWire Engineering Solutions, Inc., Case No. 1:09-cv-11653-GAO." The request must be signed and dated, with the Settlement Class Member's name and address printed below the signature. The request must be sent to the Claims Administrator with a copy sent to Class Counsel and Defense Counsel by the specified date.

13. Any Settlement Class Member, who has not opted-out in accordance with the terms of Paragraph 12 above, may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service awards to Plaintiff; provided, however, that no Settlement Class Members shall be heard, and no objection may be considered, unless the Settlement Class Member, personally or through an attorney, files a written statement of the objection with the Court and mails a copy to Class Counsel. All objections must be signed and should contain the Settlement Class Member's address, telephone number, social security number and the name of the case (Fritz Elienberg, individually, and on behalf of all others similarly situated v. Comcast Corporation/Comcast of Massachusetts, Inc. and TriWire Engineering Solutions, Inc.). All objections must be filed and postmarked on or before twenty-one (21) days before the Final Fairness Hearing, set for November 17, 2010.

14. The costs of notices and settlement administration shall be paid from the Settlement Fund as described in the Agreement.

15. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

16. Pending final determination of whether the settlement should be approved, Plaintiff, all settlement Class Members, and any person or entity allegedly acting on behalf of

5

Settlement Class Members, either directly, representatively or in any other capacity, are preliminarily enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to individual claims of any Settlement Class Members who timely exclude themselves in a manner that complies with Paragraph 12 above. This injunction is necessary to protect and effectuate this settlement, this Preliminary Approval Order, and this Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. § 1651(a).

17. This Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the settlement. This Court may approve or modify the settlement without further notice to Settlement Class Members.

It is SO ORDERED.

     /s/ George A. O'Toole, Jr.
United States District Judge